**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
CHARLOTTE **DIVISION**
**CIVIL ACTION NO.** 3:17-CV-00456-GCM

| | | |
|---|---|---|
| ENDO PHARMACEUTICALS, INC, *as fiduciary of the Endo Pharmaceutical Flexible Benefits Plan*, | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **ORDER** |
| TATYANA YEVSIN, | ) ) ) | |
| **Defendant.** | ) ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Default Judgment (Doc. No. 8).

On September 18, 2017, Plaintiff moved for an entry of default pursuant to Rule 55(a), which the clerk entered on September 19. Subsequently, on October 31, 2017, Plaintiff moved for a default judgment by the Court, as required by Rule 55(b)(2). On March 14, 2018, at the Court's request, Plaintiff filed documentary evidence supporting its claims.

When a defendant is in default, the well-pleaded factual allegations of the complaint are deemed to be admitted by the defendant, but conclusions of law and the amount of damages are not. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). A court must thus "determine whether the well-pleaded allegations in [the] complaint support the relief sought." *Id.* The plaintiff bears the burden of proving that judgment should be granted by way of a motion for default judgment. *Silvers. V. Iredell Cty. Dept. of Soc. Servs.*, No. 5:15-cv-00083, 2016 WL 427953, at *6 (W.D.N.C. Feb. 3, 2016).

Plaintiff's Complaint alleges: (1) that Defendant was a participant in a self-funded employee welfare benefit plan sponsored by Plaintiff (the "Plan"); (2) that the terms of the Plan require participants to fully reimburse the Plan from payments received from settlement of claims for injury or sickness caused by a third party; (3) that Defendant sustained personal injuries on June 13, 2015, and received medical benefits from the Plan in the amount of $40,821.04; (4) that Defendant received a settlement award from the third party responsible for her injury; (5) that the proceeds from the settlement are in Defendant's actual or constructive possession; and (6) that Defendant has failed to reimburse the Plan from the proceeds of the settlement. These factual allegations are deemed to be admitted by Defendant's failure to respond, and, at the Court's request, Plaintiff has provided additional evidence proving the amount of medical benefits Defendant received and the existence of a settlement award obtained by Defendant.

ERISA allows a "participant, beneficiary, or fiduciary" to bring a civil action to enjoin acts in violation of ERISA or "to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of [ERISA] or the terms of the plan." 29 U.S.C. § 1132(a)(3). The Supreme Court has held that a plaintiff may seek equitable relief under §1132 "in the form of a constructive trust or an equitable lien, where money or property is identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213 (2002). A court also has the discretion to allow an award of "a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g).

Plaintiff now seeks: (1) a constructive trust or equitable lien in favor of the Plan upon any settlement funds or property into which the funds have been converted which are in Defendant's

actual or constructive possession pursuant to 29 U.S.C. § 1132(a)(3); (2) an order enjoining

Defendant from dissipating any settlement funds until the Plan's rights can be adjudicated; (3) an

order enjoining Defendant from transferring or disposing of the settlement funds which would

prejudice, frustrate, or impair the Plan's ability to recover the same; and (4) reasonable attorney's

fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

The Court finds that Plaintiff has met its burden of proving that judgment should be

granted by way of a motion for default judgment.  Accordingly, the Court **HEREBY ORDERS**

the following:

1. The Plan is awarded a constructive trust upon any settlement funds or property into which

   the funds have been converted which are in Defendant's actual or constructive possession

   pursuant to 29 U.S.C. § 1132;

2. Defendant is enjoined from dissipating any settlement funds held in her actual or

   constructive possession until the Plan's rights can be adjudicated;

3. Defendant is enjoined from transferring or disposing of the settlement funds which would

   prejudice, frustrate, or impair the Plan's ability to recover the same; and

4. Plaintiff is ordered to provide an accounting of specific attorney's fees and costs

   requested pursuant to 29 U.S.C. § 1132(g)(1) and a memorandum justifying such an

   award.

   **SO ORDERED.**

Signed: April 23, 2018

Graham C. Mullen
United States District Judge